IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BIAGAS, | No. C 10-02429 SBA (PR) |
|     Petitioner, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| JAMES WALKER, | |
|     Respondent. | |

On April 23, 2012, Petitioner filed a document captioned, "Sworn Affidavit In Support of Motion for the Appointment of Counsel" (docket no. 12). The Court construes Petitioner's filing as a motion for appointment of counsel. In his motion, Petitioner asserts that the pending action has become so complex that he is unable to competently represent himself. He also reminds the Court of his history of mental illness.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the

1  exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and
2  complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or
3  mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either
4  in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial
5  facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas
6  Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
7  when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
8  due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
9  Cir. 1965).

At this stage of the proceedings, the Court is not persuaded that the appointment of counsel is necessary to prevent the violation of Petitioner's due process rights.  Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED.  This denial is without prejudice to the Court's sua sponte reconsideration following the filing by Respondents of either a renewed motion to dismiss or an answer to the Court's Order to Show Cause why the petition should not be granted.

This Order terminates Docket no. 12.

IT IS SO ORDERED.

Dated:    5/18/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF
CALIFORNIA

VINCENT BIASAS,

        Plaintiff,

  v.

JAMES WALKER et al,

        Defendant.

Case Number: CV10-02429 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent James Biagas D-66188
CSP-Sacramento
CA State Prison-Folsom(New)
P O Box 290066
Represa, CA 95671

Dated: May 23, 2012

                              Richard W. Wieking, Clerk
                              By: Lisa Clark, Deputy Clerk