IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JAMES BIAGAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES WALKER, Warden,<br><br>　　　　Respondent.<br>_____ / | No. C 10-02429 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS PETITION**<br><br>(Docket no. 20) |

## INTRODUCTION

Petitioner Vincent James Biagas, an inmate at Folsom State Prison ("FSP"), filed a pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 25, 2010. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Having read and considered the papers submitted and being fully informed, the Court GRANTS Respondent's motion and dismisses the petition.

## BACKGROUND

On August 15, 1996, an Alameda County Superior Court jury found Petitioner guilty of several felonies, including assault with a deadly weapon and evading a peace officer with wanton disregard. On November 1, 1996, the trial court found that Petitioner had suffered a prior conviction and sentenced him to twenty-five years to life in state prison. (Pet., Ex. A.)

On December 30, 1997, the California Court of Appeal affirmed the judgment on direct review. (MTD, Ex. 1.) On April 15, 1998, the California Supreme Court denied review. (Id.) Petitioner did not seek collateral review in the state courts.

On May 25, 2010, Petitioner filed the present petition. (Docket no. 1.)

On March 8, 2011, Respondent filed a motion to dismiss. (Docket no. 4.) In his opposition to the motion, Petitioner argued that he is entitled to the benefit of equitable tolling based on delayed receipt of the state court records and mental illness. (Docket no. 7.) On March 29, 2012, the Court denied Respondent's motion to dismiss, finding that the record had not been adequately developed as to Petitioner's argument that he is entitled to equitable tolling based on his mental illness. (Docket no. 11.) The Court denied Respondent's motion without prejudice, provided Respondent could demonstrate through authenticated medical reports that Petitioner was not entitled to equitable tolling based on his mental illness. (Id.) In its Order, the Court did not decide whether Petitioner was entitled to equitable tolling based on inaccessible legal documents and instructed Petitioner that he could raise such claim in the event Respondent renewed his motion to dismiss. (Id.)

On August 27, 2012, Respondent filed his renewed motion to dismiss. (Docket no. 20.) In support of his renewed motion to dismiss, Respondent lodged Exhibit 2, a compilation of Petitioner's comprehensive medical records from 1998 through 2010. (Id.) On September 14, 2012, Petitioner filed his opposition. (Docket no. 21.) On September 24, 2012, Respondent filed his reply. (Docket no. 23.) Thereafter, on October 9, 2012, Petitioner filed a supplemental opposition to Respondent's motion to dismiss. On October 18, 2012, Respondent filed a supplemental reply. (Docket no. 27.) Petitioner filed additional declarations on November 2, 2012 and November 28, 2012. (Docket no. 27, 28.)

**DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

2

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. Id. "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen, 188 F.3d at 1159 (same).

In the present case, the limitations period started running on July 14, 1998, ninety days after the California Supreme Court denied review. See id. Thus, Petitioner had one year from the time the limitations period started running -- or until July 14, 1999 -- to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until May 25, 2010-- more than ten years after the limitations period had expired. The petition is therefore untimely unless Petitioner can show that he is entitled to tolling.

## I. Equitable Tolling

The AEDPA's one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

However, equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it

3

impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace, 544 U.S. at 418; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (noting that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him"). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066. At the same time, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

Here, Petitioner argues that he is entitled to equitable tolling because his untimeliness was caused by extraordinary circumstances beyond his control. Specifically, Petitioner contends that two factors contributed to the delay in filing his federal habeas petition: (1) lack of access to his legal files; and (2) severe mental illness.

### A. Lack of Access to Legal Files

A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting Spitsyn, 345 F.3d at 801). Therefore, a petitioner's lack of access to his legal files may constitute an extraordinary circumstance sufficient to warrant equitable tolling. See id. (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); see also Lott, 304 F.3d at 918, 921-24 (granting habeas petitioner equitable tolling for eighty-two days he was deprived of his legal materials due to two temporary transfers,

despite the fact that petitioner received materials shortly before the limitations period was to expire).

In its March 29, 2012 Order denying Respondent's first motion to dismiss, the Court instructed Petitioner that he could renew his claim of equitable tolling based on lack of access to his legal files if Respondent filed a renewed motion to dismiss. The Court directed Petitioner that, should he choose to do so, he should: (1) specify why "a copy of transcript or court records" was necessary to file a timely federal petition; (2) show that he was diligent in trying to obtain his legal files; and (3) explain why he could not have made use of information from his general knowledge obtained during his trial in order to file his federal habeas petition.

In his opposition to Respondent's renewed motion to dismiss, Petitioner completely ignores the specific guidance provided by the Court in its March 29 Order, and, instead, simply repeats the same substantive arguments that he raises in his federal habeas petition. (Docket no. 21.) However, in his supplemental opposition to Respondent's renewed motion to dismiss, Petitioner now contends that he was unable to file his habeas petition before the expiration of the limitations period because he "was not in receipt of the required documents to diligently advocate his case before the federal court" upon finality of his case. (Supp. Opp'n at 3.) In the attached declaration, Petitioner avers that "the documents were [lost] by the prison law library when another inmate was helping me with my case." (Decl. Biagas ¶ 3.)

In his supplemental reply, Respondent points out that Petitioner fails to specify which legal documents he needed in order to file his federal habeas petition. (Supp. Reply at 3.) Furthermore, Respondent argues that Petitioner fails to articulate why he allegedly was unable to procure the documents needed in order to file his federal habeas petition. (Id.) Although Petitioner does not specify which legal documents he needed, the Court presumes that Petitioner is referring to his trial transcript, which he mentioned in his opposition to Respondent's first motion to dismiss. (Docket no. 7.)

The Court finds that Petitioner has failed to meet his burden of showing that he is entitled to

5

equitable tolling based on lack of access to his legal files. In both his opposition and supplemental opposition, Petitioner fails to specify why a copy of his legal file was necessary to file a timely federal petition, fails to show that he was diligent in trying to obtain his legal files, and fails to explain why he could not have made use of information from his general knowledge pursuant to this Court's instructions in its Order dated March 26, 2012. Instead, he states, without further explanation, that he lacked the requisite documents to file his federal habeas petition. Petitioner's arguments are conclusory at best and fail to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas petition. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling based on delay in receiving trial transcripts because a petition seeking collateral relief could have been filed without transcripts and, if necessary for decision of the issues raised, the court could have ordered production of the transcript).

Therefore, because Petitioner fails to meet his burden of proof establishing that lack of access to legal files constituted an extraordinary circumstance that made it impossible for him to file a timely federal habeas petition, he is not entitled to equitable tolling based on this claim.

**B.     Severe Mental Illness**

   **1.     Background**

Petitioner next claims that he is entitled to equitable tolling because he suffered from mental incompetence "between the years of [his] incarceration and the time [his] federal petition was filed," the period from July 14, 1998, when the limitations period started to run, through May 25, 2010, when he finally was able to file his federal habeas petition. (Decl. Biagas ¶ 1.) He states that he is still "mentally incompetent to research, prepare, and file any legal pleading in [his] own case." (Id. at ¶ 2.)

In its March 26, 2012 Order, the Court cited to Laws v. Lamarque, 351 F.3d 919, 922-24 (9th Cir. 2003) regarding the showing necessary to establish a tolling claim based on mental impairment. See 3/26/12 Order at 9. Based on Laws, a petitioner is required to make an initial showing that he

suffered from a mental illness sufficiently severe to warrant equitable tolling. If a petitioner makes an initial showing of severe mental illness, a district court must take care not to deny a claim for equitable tolling before a sufficient record can be developed. Laws, 351 F.3d at 924. Once the record has been sufficiently developed, the district court may dismiss a claim of equitable tolling based on severe mental illness if it finds there is sufficient "countervailing evidence" that rebuts the claim. Id.

Severe mental illness is an extraordinary circumstance beyond a prisoner's control which justifies equitable tolling. Bills v. Clark, 628 F.3d 1092, 1099-100 (9th Cir. 2010). Eligibility for equitable tolling due to mental impairment requires a petitioner to meet a two-part test. Id. First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) he was unable rationally or factually to personally understand the need to timely file, or (b) his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Id. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. Id.

Here, the Court finds that Petitioner has failed to meet his burden of showing that he is entitled to equitable tolling based on mental incompetence from July 14, 1998 through May 25, 2010 and that it need not develop the record further because, as explained below, the record contains sufficient "countervailing evidence" pursuant to Laws that rebuts Petitioner's claim of mental incompetence.

### 2. **Analysis**

Petitioner's contention that he is entitled to the shelter of equitable tolling from 1998 through 2004 is unavailing. Petitioner has not submitted any medical records that describe an inability on his part to conduct his affairs or prepare legal work.[1] The record indicates that Petitioner was diagnosed

---

[1] In his November 28, 2012 declaration, Petitioner submits one page from the transcript of his 1996 state court sentencing hearing, during which the court referenced a 1985 report, authored by Dr. John Dupre, "which . . . assesses Mr. Biagas as being chronically mentally disordered." However, 1985 is fourteen years prior to the time at issue here. Therefore, the report is not relevant.

7

with bipolar disorder in March 1999. (MTD, Ex. 2 at 3.) Throughout 1999, Petitioner experienced only mild audio hallucinations and was able to work as a painter and study the Bible. (Id. at 5, 8.) Petitioner's mental health remained the same during 2000. In October 2000, Petitioner reported that he was experiencing some audio hallucinations, but stated that he was able to ignore them. (Id. at 22.) Petitioner reported having no other psychiatric issues in 2000. (Id.) In 2001, Petitioner's mental health remained the same. (Id. at 26.) Furthermore, Petitioner reported, in some months, that he was not experiencing any audio hallucinations at all. (Id. at 26-8.) Petitioner's mental health remained the same during much of 2002 as well. (Id. at 31-2.) In 2002, he continued to take his medication, reported that he was not experiencing any psychotic symptoms, and was able to continue his work as a painter. (Id. at 31.) Only in December 2002 did he report experiencing some anxiety due to the assault that he suffered. (Id. at 41.) However, apart from anxiety, Petitioner reported that his mental health was otherwise unchanged after the assault. (Id.)

When Petitioner was transferred to FSP in early 2003, he reported to mental health staff that, although he was experiencing mood swings, his last audio hallucinations had been years ago. (Id. at 53-4.) In May 2003, Petitioner reported that his mood swings were mild and that his medication was working. (Id. at 101.) In December 2007, Petitioner reported that he was experiencing no psychiatric symptoms and that he was able to pray and read his Bible every day. (Id. at 108.) Petitioner discontinued his morning dose of lithium in early 2004, but reported having limited to no audio hallucinations and was able to work in the culinary kitchen. (Id. at 117, 123, 130-32.)

In summary, the record indicates that although Petitioner was diagnosed with bipolar disorder in 1999, his mental health remained stable for the time period between 1998 and 2004. In his November 2, 2012 declaration, Petitioner states that he has not held a single prison job that requires skill and that his current job as a laundry worker only requires a third grade skill level. However, during the 1998-2004 time period, Petitioner was able to work as a painter and in the culinary kitchen. While these may not necessarily have been highly-skilled positions, the fact that Petitioner

---

Furthermore, it is hearsay at best because the court cited an out-of-court statement and, thus, it is not admissible evidence.

8

was able to perform the tasks required for these jobs indicates that he was capable of following instruction and function consistently.

Petitioner reported having mild audio hallucinations from time to time, but stated that he was able to ignore them. Although Petitioner experienced some anxiety following an assault that he suffered in December 2002, he experienced no additional psychotic symptoms. In his declaration offered in support of his opposition, Petitioner states: "I was incompetent between the years of my incarceration and the time that my federal petition was filed." (Decl. Biagas ¶ 1.) However, Petitioner must do more than simply assert his mental illness. Petitioner fails to show that his mental impairment was so severe between 1998 and 2004 that he was unable to understand the need to timely file his federal habeas petition or that he was unable to prepare the petition. Bills, 628 F.3d at 1099-100. The record contains sufficient countervailing evidence that indicates that, contrary to his assertion, Petitioner's mental illness was being treated between 1998 and 2004 and that he was functional.

Furthermore, Petitioner fails to show, under the totality of circumstances, that he exercised diligence in pursuing his claims to the extent he could understand them, but that his mental impairment made it impossible to meet the filing deadline. Id. In his opposition, Petitioner indicates that he is being assisted by another inmate, but he does not state why he did not obtain this assistance during the ten previous years. Therefore, Petitioner's equitable tolling claim during this time period is denied. He has not shown a causal connection between his alleged mental illness and his inability to file a federal habeas petition. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (2006) (holding that where prisoner fails to show a causal connection between physical and mental disabilities and inability to timely file the petition, district court correctly found that equitable tolling is not available). Accordingly, the Court rejects Petitioner's claim for equitable tolling during the time period from 1998 through 2004.

The Court notes that the record indicates that Petitioner's mental health deteriorated between

9

2005 and 2010.[2] However, because the Court has found that Petitioner is not entitled to equitable tolling from 1998 through 2004, the Court need not address whether Petitioner is entitled to equitable tolling based on his mental illness from 2005 through 2010. Assuming arguendo that Petitioner is entitled to equitable tolling for the entire period from 2005 through 2010, a period of almost five years, the present petition, which was filed more than ten years after the limitations period had expired, would still be untimely.

Therefore, the instant federal habeas petition filed on May 25, 2010 is untimely. Accordingly, Respondent's renewed motion to dismiss (Docket no. 20) is GRANTED.

## II.  **Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss (Docket no. 20) is GRANTED, and this action is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

---

[2] In his November 2, 2012 declaration, Petitioner states that he has not earned a General Education Degree (GED). Dec. at ¶ 4. The Court notes that Respondent indicated that, in 2005, Petitioner was studying to get his GED. Motion at 13. However, the Court has found that Petitioner's mental health deteriorated in 2005 to 2010. Therefore, Respondent's reference to Petitioner studying for a GED in 2005 is not relevant to the conclusion that he was not mentally impaired, for the purposes of equitable tolling, during the years 1999 to 2004.

10

1   3.   The Clerk of the Court shall enter judgment for Respondent, terminate all pending

2 motions and close the file.

3   4.   This Order terminates Docket no. 20.

4   IT IS SO ORDERED.

5

6   DATED: 1/30/13                              *[signature]*
             SAUNDRA BROWN ARMSTRONG
7            United States District Judge

8

9   L:\PRO-SE\SBA\HC.10\Biagas2429REV.grantMTD(untimely)-FINAL.wpd
    UNITED STATES DISTRICT COURT
    FOR THE
10  NORTHERN DISTRICT OF CALIFORNIA

11

12  VINCENT BIASAS,
                                                Case Number: CV10-02429 SBA
13         Plaintiff,
                                                **CERTIFICATE OF SERVICE**
14     v.

15  JAMES WALKER et al,

16         Defendant.
                                    /
17

18  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

19

20  That on February 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
21  receptacle located in the Clerk's office.

22

23

24  Vincent James Biagas D-66188
    CSP-Sacramento
25  CA State Prison-Folsom(New)
    P O Box 290066
26  Represa, CA 95671

27

28

11

Dated: February 26, 2013

                                          Richard W. Wieking, Clerk
                                          By: Lisa Clark, Deputy Clerk